# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONDA HALL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-2048** |
| **STATE FARM FIRE & CASUALTY CO.** | **SECTION: "H"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 5). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Plaintiffs Londa Hall and Lawrence Joseph allege that they are insured under a renter's insurance policy issued by Defendant State Farm Fire & Casualty Insurance Company. They allege that on December 30, 2016, their property was damaged when water from an upstairs apartment leaked into their unit. They aver that Defendant has improperly denied their claim relative to this incident. They seek the value of their claim, damages, and statutory penalties. This action was removed from the 24th Judicial District

1

Court for the Parish of Jefferson on diversity grounds. Plaintiffs responded with the instant Motion to Remand. Defendant opposes.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

As noted above, Defendant invokes the Court's diversity jurisdiction in removing this action. In order for a matter to fall within the Court's diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.[6] The parties do not dispute that they are citizens of different states; however, Plaintiffs argue that remand is warranted because the amount in controversy requirement is not met. Defendant

---

[1] 28 U.S.C. § 1441(a).
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).
[5] *Id.*
[6] 28 U.S.C. § 1332.

responds, arguing that when Plaintiffs' claims for general damages and statutory penalties are considered, the $75,000 amount in controversy requirement is met.

The Court must look to the face of Plaintiffs' state court petition in determining the amount in controversy. Where the amount in controversy is ambiguous at the time of removal, a court may consider a post removal stipulation to the extent that it attempts to determine the amount in controversy as of the date of removal.[7] Additionally, where the complaint does not state a specific amount in controversy, a district court is to apply the following analytical framework in evaluating jurisdiction:

> In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[8]

"If the defendant meets his burden of showing the requisite amount in controversy, the plaintiff must then show that it is 'legally certain' that he will recover less than $75,000."[9]

Defendant argues that the amount in controversy requirement is met in this case when all the claims set forth in Plaintiffs' state court petition are considered. This Court disagrees. The amount in controversy is not facially apparent from the state court petition, as Plaintiffs are not permitted to claim specific amounts of damages. The policy limits of the subject policy are

---

[7] *Davis v. State Farm Fire & Cas.*, 2006 WL 1581272, *3 (E.D. La. 2006).
[8] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[9] *Fields v. Markel Ins. Co.*, No. 09-6815, 2010 WL 1664028, at *2 (E.D. La. Apr. 22, 2010).

3

$20,000. Even when Plaintiff's claims for loss of property, remediation expenses, increased expenses, mental anguish and related hospitalization, consequential damages, and statutory penalties are considered, there is insufficient evidence on the record to find that the amount in controversy is met. Plaintiff's petition does not establish the amount of these losses; accordingly, the court may turn to summary judgment type evidence to establish the amount in controversy.[10]

In an effort to convince this Court that Plaintiff's emotional distress damages might exceed the amount in controversy requirement, Defendant cites to a series of cases wherein emotional distress damages were awarded in cases involving flooded residences. What Defendant does not note, however, is that these cases neither involve the adjustment of flood claims nor have insurers as parties.[11] Accordingly, they do not support the emotional damages used in Defendant's amount in controversy calculations. As a result, this Court finds that there is insufficient evidence to determine that the amount in controversy is met. Accordingly, remand of this action is warranted.

---

[10] *Anderson v. Pep Boys-Manny, Moe & Jack, Inc.*, No. 08-3861, 2009 WL 1269069, at *1 (E.D. La. May 6, 2009)

[11] *Carnaggio v. Cambre*, 84 So. 3d 631 (La. App. 5 Cir 2011) (involving suit against owner of servient estate relative to a servitude of passage to drain sewerage); *Boudreaux v. State, Dept. of Transp. and Dev.*, 906 So. 2d 695 (La. App. 1 Cir. 2005) (involving suit by flood victims against the Louisiana Department of Transportation and Development alleging that defective bridge design caused flooding); *Shubert v. Tonti Development Corp.*, 30 So.3d 977 (La. App. 5 Cir. 2009) (involving suit between tenant and landlord relative to damages sustained in a fire); *Holzenthal v. Sewerage & Water Bd. of New Orleans*, 950 So.2d 55 (involving action between sewerage and water board and homeowners for damage caused during drainage construction project).

## CONCLUSION

For the forgoing reasons, Plaintiffs' Motion to Remand (Doc. 5) is **GRANTED**. This matter is **REMANDED** to the Civil District Court for the Parish of Jefferson.

New Orleans, Louisiana this 11th day of July, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**